**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**



Filed/Docketed
May 18, 2026

IN RE:

**CHRISTINA LEE LANIER-FRAVEL,**

**Debtor.**

Case No. 25-10221-T
Chapter 7

### ORDER DENYING MOTION FOR RECONVERSION
### TO A CASE UNDER CHAPTER 13

THIS MATTER comes before the Court pursuant to Debtor's Reurged Motion for Reconversion of Bankruptcy to Chapter 13 (the "Motion"),[1] filed by Christina Lee Lanier-Fravel (the "Debtor"); and the Response and Objection (the "Objection"),[2] filed by BancFirst ("Bank"). The Court held a telephonic hearing on the Motion and Objection on April 14, 2026 (the "Hearing").  The parties agreed: 1) to treat the Hearing as a final hearing; 2) no additional evidence was necessary; and 3) the Court could take the issue under advisement based on the present record. The following "Findings of Fact" and "Conclusions of Law" are being made pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to this contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014.

### Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[3] Venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as defined by 28 U.S.C.

---

[1] ECF No. 122.

[2] ECF No. 126.

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

§ 157(b)(2)(A).

### Findings of Fact

Bank holds a judgment against Debtor related to a foreclosure action on Debtor's primary residence (the "Residence").[4] In 2021, Debtor filed a voluntary bankruptcy case under Chapter 13 of the Bankruptcy Code, with the goal of retaining the Residence.[5] That case was dismissed in 2023 pursuant to § 1307(c)(6) for failure to make payments under the terms of a confirmed plan.[6] Debtor commenced the present case under Chapter 13 of the Bankruptcy Code on February 25, 2025. At the time, an appeal was pending before the Oklahoma Supreme Court regarding the confirmation of a sheriff's sale of the Residence. While this case was pending under Chapter 13, Bank sought relief from the automatic stay, which the Court denied on the basis that it had not met its burden of proof.

On October 28, 2025, Lonnie D. Eck, the standing Chapter 13 Trustee, filed a Motion to Dismiss this case, on the grounds that Debtor had failed to propose a confirmable plan, Debtor was over two months delinquent in required payments, and unreasonable delay.[7] Before scheduled hearings regarding confirmation of an amended plan and the Trustee's Motion to Dismiss, Debtor voluntarily converted this case to Chapter 7 of the Bankruptcy Code, pursuant to § 1307(a).[8] At the time of the conversion to Chapter 7, Debtor represented that she was not eligible, pursuant to § 109(e), to file a case under Chapter 13.[9] Debtor's schedules filed in the Chapter 7 case show

---

[4] Bank's Ex. No. 3.

[5] Case No. 21-10145.

[6] *See id.* ECF Nos. 108 (Order Dismissing Case) & 118 (Transcript of proceedings held before the Court on January 31, 2023).

[7] ECF No. 72.

[8] ECF Nos. 80, 82. According to the Motion, Debtor agreed to a voluntary conversion "in a time of despair." ECF No. 122, at 4 ¶ 20.

[9] ECF No. 93, at 12 ¶ 36.

monthly income of $10,300.00, consisting of income from operating a business and alimony payments from a divorce settlement.[10]  Both Debtor and Bank report that Debtor owes a prepetition arrearage of $393,718.33 related to the Residence.[11] In addition, Debtor would be required to make ongoing mortgage payments of $4,750.00 per month.[12]

While the case was pending under Chapter 7, Bank again sought relief from the automatic stay. The Court denied Bank's motion on the basis that it had not met its burden to show Debtor lacked equity in the property.[13]  Debtor now seeks to convert her case back to Chapter 13. She suggests the conversion of the case to Chapter 7 was "inadvertent" or a "procedural mistake," and she now wants the opportunity to propose a viable plan that will address the Bank's claim.[14]

To the extent that "Conclusions of Law" contain items that should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

### Conclusions of Law

Conversion of a bankruptcy case from Chapter 7 to a rehabilitative chapter, such as Chapter 13, is governed by § 706. It provides:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

(b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion.

---

[10] ECF No. 94, at 2 (Schedule I).
[11] Case No. 25-10221, Attachment to Claim No. 4-3, filed April 23, 2025 (Mortgage Proof of Claim Attachment); ECF No. 93, at 10 (Form 122A-2 Chapter 7 Means Test Calculation).
[12] ECF Nos. 93, at 6; 94, at 3.
[13] ECF No. 123.
[14] ECF No. 135 (April 14, 2026, Hearing).

> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.[15]

Section 706(a) makes it clear that "*if the case has not been converted under section . . . 1307* of this title," then a debtor "may convert" their Chapter 7 case to another chapter "at any time."[16] Although a debtor may not waive its right to convert under § 706(a), the right to convert is not "absolute."[17] For example, in *Marrama v. Citizens Bank of Massachusetts*, the Court held that § 706(d) placed limits on voluntary conversion where a debtor's bad faith conduct made them ineligible to "be a debtor" under another chapter.[18] Notably, § 706 does not specifically address the situation we face here: what right does a *debtor* have to convert a Chapter 7 case to another chapter, over the objections of other parties in interest, when it has been previously converted under §§ 1112, 1208, or 1307?

The first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.[19] A statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different senses.[20] If a statute is ambiguous, a court may seek guidance from Congress's intent, a task aided by reviewing the legislative history.[21] The Court finds the language of § 706 is

---

[15] § 706.

[16] § 706(a) (emphasis added).

[17] *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 372 (2007).

[18] *Id.* ("More importantly, the broad description of the right as 'absolute' fails to give full effect to the express limitation in subsection (d). The words 'unless the debtor may be a debtor under such chapter' expressly conditioned Marrama's right to convert on his ability to qualify as a 'debtor' under Chapter 13."); *L. v. Siegel*, 571 U.S. 415, 426 (2014) (clarifying that § 706(d) placed an express condition on a debtor's right to convert under § 706(a)).

[19] *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989)).

[20] *In re Geneva Steel Co.*, 281 F.3d 1173, 1178 (10th Cir. 2002) (citing 2A Norman J. Singer, Statutes and Statutory Construction, § 45.02, at 11–12 (6th ed. 2000)).

[21] *Id.*

4

ambiguous when applied to the question of what rights remain with a debtor to voluntarily convert a case that has previously been converted from another chapter.  The legislative history regarding § 706 sheds considerable light on the subject:

> Subsection (a) of this section gives the debtor the **one-time absolute right** of conversion of a liquidation case to a reorganization or individual repayment plan case. ***If the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right.*** The policy of the provision is that the debtor should always be given the opportunity to repay his debts, and a waiver of the right to convert a case is unenforceable.[22]

Similarly,

> Subsection (a) of this section gives the debtor ***one absolute right*** of conversion of a liquidation case to a reorganization or individual repayment plan case. ***If the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right.*** The policy of the provision is that the debtor should always be given the opportunity to repay his debts.[23]

Although the *Marrama* Court did not specifically address the question of a debtor's right to reconvert a Chapter 7 case after a previous conversion, both the majority and dissent made reference to the right under § 706(a) as applying only once.[24] The majority noted that reference to the right as "absolute" was "inconsistent with the earlier recognition that it is only a one-time right that does not survive a previous conversion to, or filing under, Chapter 13."[25]  Likewise, the dissent remarked:

> The Code restricts a Chapter 7 debtor's conversion right in two—and only two— ways. ***First, § 706(a) makes clear that the right to convert is available only once:*** A debtor may convert so long as "the case has not been converted [to Chapter 7] under section 1112, 1208, or 1307 of this title."[26]

---

[22] S. Rep. 95-989, at 94 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5880 (emphasis added).

[23] H.R. Rep. 95-595, at 380 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6336 (emphasis added).

[24] *See In re Muth*, 378 B.R. 302, 303 (Bankr. D. Colo. 2007).

[25] *Marrama*, 549 U.S. at 372.

[26] *Id.* at 376 (Alito, J., dissenting) (emphasis added).

Both the case law and legislative history make it clear that a *debtor's* right to a voluntary conversion, "without notice, hearing, or court order," may be exercised only once.[27] Unfortunately, that does not end the matter. Courts have developed a split over a slightly different question: once a debtor has exercised its right under § 706(a) to convert a case from another chapter to Chapter 7, does *the court* have discretion, in appropriate circumstances, to consider reconversion of the case back to Chapter 13, and if so, what should inform the court's discretion?[28] Some courts focus on the language of § 706(a) to find that once a debtor has exercised its right to convert under § 706(a), the court's ability to consider conversion is foreclosed.[29] Other courts turn to language in § 706(c) and (d) to find discretion for *the court* to permit reconversion to a case under Chapter 13 in appropriate circumstances.[30] When exercising that discretion, courts "should scrutinize the debtor's circumstances, *bona fides*, and ability to succeed with the purposes for conversion. The court should weigh the interests of the debtor, the estate and all creditors and address each such motion on a case by case basis."[31] In other words, courts employ a totality of the circumstances test, placing the burden on the debtor to show good faith, feasibility of any plan of reorganization,

---

[27] *In re Johnson*, 116 B.R. 224, 225 (Bankr. D. Idaho 1990).

[28] *In re Manouchehri*, 320 B.R. 880, 882 (Bankr. N.D. Ohio 2004) ("There exists a split in authority as to whether courts may exercise discretion in reconverting a case pursuant to § 706(a)."); *Povah v. Hansbury and Finn, Inc. (In re Povah)*, 455 B.R. 328, 340 (Bankr. D. Mass. 2011).

[29] *See, e.g.*, *In re Muth*, 378 B.R. at 303-04; *In re Carter*, 84 B.R. 744 (D. Kan. 1988); *In re Fry*, No. 04-16887, 2008 WL 4682266 (Bankr. D. Kan. Oct. 14, 2008).

[30] *In re Povah*, 455 B.R. at 341; *In re Johnson*, 376 B.R. 763 (Bankr. D.N.M. 2007); *In re Anderson*, 354 B.R. 766 (Bankr. D.S.C. 2006); *In re Johnson*, 116 B.R. at 225 ("Obviously, in reviewing subsection (c), implied, if not expressed, within its terms is the authority for the Court to convert a case from Chapter 7 to Chapter 13 upon motion of an interested party, such as the debtor."); *In re Frazier*, No. 17-01314, 2019 WL 4732377 (Bankr. N.D. Iowa Sept. 26, 2019); *In re Bange*, No. 08-40156, 2010 WL 3829632 (Bankr. D. Kan. Sept. 23, 2010).

[31] *In re Anderson*, 354 B.R. at 769.

and lack of delay prejudicial to creditors.[32]

The Court finds that under the facts of this case, it need not determine the extent of the Court's discretion to allow a reconversion under § 706.  Assuming without deciding that the Court has discretion to convert this case once again to Chapter 13, it does not find that Debtor has met her burden to show, under the totality of the circumstances, that such a conversion "will most inure to the benefit of all parties in interest."[33]

This case is Debtor's second effort to reorganize her affairs before this Court.  Her first case was dismissed for cause pursuant to § 1307(c)(6) for failure to make payments under the terms of a confirmed plan.[34]  The present case was filed while an appeal was pending regarding the confirmation of a sheriff's sale of the Residence. During the nine months this case was pending under Chapter 13, Debtor was unable to propose a confirmable plan.  The prepetition arrearage of $393,718.33 would require payments of $6,561.97 over a 60-month plan to cover the arrears.  Debtor would also be required to make ongoing monthly mortgage payments of $4,750.00.[35]  At a minimum, it appears Debtor would have to propose a monthly plan payment of $11,311.97 just to address the debt related to the Residence.  Debtor's reported monthly income of $10,300.00 is clearly insufficient to cure the arrears and make ongoing mortgage payments over the life of a

---

[32] *In re Sherman*, 600 B.R. 453, 456-57 (Bankr. D.N.M. 2019); *In re Povah*, 455 B.R. at 341 ("[T]he debtor also must establish both good faith and the feasibility of any plan of reorganization."); *In re Manouchehri*, 320 B.R. at 884 ("As the moving party, the Debtor whose good faith in seeking conversion of this case has been questioned, bears the ultimate burden of proof on the issue."); *In re Johnson*, 116 B.R. at 227 ("Absent a showing that Debtors can now confirm a plan, when they could not before, conversion must be denied.").

[33] S. Rep. 95-989, at 94, 1978 U.S.C.C.A.N. 5787, 5880 ("The decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest.") (describing the standard a court should apply under § 706(b) in the exercise of its discretion to convert a case to Chapter 11).

[34] *See* Case No. 21-10145-M, ECF Nos. 108 (Order Dismissing Case) & 118 (Transcript of proceedings held before the Court on January 31, 2023).

[35] ECF Nos. 93, at 6; 94, at 3.

Chapter 13 plan.

In the Motion, Debtor suggests that the Bank is a bad actor (which the Bank denies), but does not address how that should affect the Court's analysis under § 706 regarding whether to reconvert the case to Chapter 13, or how it affects Debtor's ability to propose a feasible plan. At the Hearing, counsel for Debtor suggested the conversion of the case to Chapter 7 was "inadvertent" or a "procedural mistake" without elaborating. Counsel seemed to suggest that Debtor's previous bankruptcy counsel did not understand the full ramifications of the conversion to Chapter 7, given Debtor's singular goal of keeping the Residence. Counsel's argument focused on the issue of whether the Court *could*, in its discretion, convert the case to Chapter 13, but failed to address the issue of whether the Court *should* do so.  Debtor did not accept the Court's offer to present additional evidence in support of the Motion, but instead agreed that the Motion was ripe for decision on the record.

Debtor is asking for an opportunity to offer a viable plan, consistent with the rehabilitative purpose of Chapter 13, that would allow her to keep her home. Unfortunately, there is no evidence before the Court that Debtor has the ability to propose a feasible plan.  Debtor has shown no substantial change in her financial situation. In short, Debtor has failed to prove by a preponderance of the evidence that she can propose a feasible plan to pay the amounts due under the arrearage and mortgage.[36] Without the ability to propose a feasible plan, the Court concludes conversion would be futile and no purpose would be served in allowing further delay.

Debtor also asks the Court to rely on its equitable authority under § 105 to allow her to reconvert the case to Chapter 13 based on allegations of abuse of process and "aggressive and

---

[36] *See* § 1325(a)(6) (confirmation requires a finding that "the debtor will be able to make all payments under the plan and to comply with the plan.").

obstructive tactics" of Bank over the course of this case.[37]  The United States Supreme Court has made it clear that "'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code."[38]  While § 105(a) allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, § 706 covers the waterfront regarding the rights and limitations of the parties to seek conversion from Chapter 7, and any authority for court discretion must be found there.  Therefore, the Court will not exercise its authority under § 105(a) to convert this case to Chapter 13.

Accordingly,

IT IS HEREBY ORDERED that the Debtor's Reurged Motion for Reconversion of Bankruptcy to Chapter 13, filed by Christina Lee Lanier-Fravel, at ECF No. 122, is DENIED.

Dated this 18th day of May, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

---

[37] ECF No. 122, at 5.
[38] *Siegel*, 571 U.S. at 421 (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)).