

Filed/Docketed
Jul 06, 2026

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

**CHRISTINA LEE LANIER-FRAVEL,**

**Debtor.**

**Case No. 25-10221-T**
**Chapter 7**

### ORDER DENYING MOTION FOR STAY PENDING APPEAL,
### REQUEST TO REINSTATE AUTOMATIC STAY,
### AND REQUEST TO WAIVE BOND

THIS MATTER comes before the Court pursuant to the Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007, Request to Reinstate Automatic Stay, and Request to Waive Bond (the "Motion"),[1] filed by Christina Lee Lanier-Fravel ("Debtor"); and the Response and Objection (the "Objection"),[2] filed by BancFirst (the "Bank"). On May 18, 2026, the Court entered an Order Denying Motion for Reconversion to a Case Under Chapter 13 (the "Order Denying Reconversion"),[3] which denied Debtor's request that the Court allow her to reconvert her Chapter 7 bankruptcy case to Chapter 13. On May 28, 2026, Debtor filed a Notice of Appeal of said Order Denying Reconversion (the "Appeal").[4] The Court held a telephonic hearing on the Motion and Objection on June 30, 2026 (the "Hearing"), after which the Court took the matter under advisement. This order is entered pursuant to Federal Rules of Bankruptcy Procedure 7052, 9014, and 8007.

---

[1] ECF No. 140.
[2] ECF No. 148.
[3] ECF No. 136.
[4] ECF No. 137.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[5] Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). A motion for stay pending appeal of a bankruptcy order is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

**Background**

In the Order Denying Reconversion, the Court determined that Debtor did not have the right to reconvert her Chapter 7 case to another chapter, over the objections of other parties in interest, when it had been previously converted. The Court also found that, even if it had discretion to allow reconversion to Chapter 13, Debtor had not met her burden to show that, under the totality of the circumstances, conversion was warranted.

At the Hearing, both Debtor and the Bank offered oral arguments. Debtor argued that she is likely to succeed on the merits of her appeal; she would sustain irreparable harm absent a stay pending appeal due to the loss of her residence; the Bank would not be harmed by a stay, as a stay would merely maintain the *status quo*; and a stay, which would allow Debtor to retain her residence, would ultimately serve the public interest. The Bank disputes Debtor's arguments, asserting that it would continue to sustain ongoing injury if the Court were to grant Debtor's request for relief. It further argues that Debtor does not have a likelihood of success on the merits given this Court's previous determination in its Order Denying Reconversion.

---

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

**Analysis**

The trial court has discretion whether to grant a stay pending appeal.[6] When determining whether to grant a motion for stay pending appeal, courts consider the following: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[7] The first two elements are the most important in making such a determination.[8] Further, the moving party bears the burden of making a "strong showing" that it is likely to succeed on the merits of its claim, not just a "better than negligible" chance or mere "possibility" of success.[9] Likewise, a showing of irreparable harm must demonstrate that the harm is both irreparable and likely, not just possible.[10] An irreparable injury "must be both certain and great, and . . . must not

---

[6] Fed. R. Bankr. P. 8007(a)(1)(A); *Nken v. Holder*, 556 U.S. 418, 427, 433 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." (internal quotations and citations omitted)).

[7] *Nken*, 556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). *See also Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001); *Lang v. Lang (In re Lang)*, 305 B.R. 905, 911 (10th Cir. BAP 2004); *In re Roman Catholic Church of Archdiocese of Santa Fe*, 18-13027, 2021 WL 408971, at *2 (Bankr. D.N.M. Feb. 4, 2021).

[8] *Nken*, 556 U.S. at 434; *Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1113 (D.N.M. 2017).

[9] *Nken*, 556 U.S. at 434; *Pueblo of Pojoaque*, 233 F. Supp. 3d at 1113; *Brent Elec. Co. v. Int'l Bhd. of Elec. Workers Local Union No. 584*, 21-CV-00246, 2024 WL 66039, at *2-3 (N.D. Okla. Jan. 5, 2024) (citing *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016)), *aff'd*, 110 F.4th 1196 (10th Cir. 2024).

[10] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("'possibility' standard is too lenient.").

be merely serious or substantial."[11] In other words, "[t]he harm must be concrete, and it must pose such a significant risk that it cannot be undone or corrected by future money damages."[12]

### 1. Likelihood of Success on the Merits

A party seeking a stay pending appeal must first show that it is likely to succeed on the merits of its claim.[13] As previously discussed, there must be more than a mere possibility of relief.[14] At the Hearing, Debtor discussed a split of authority regarding whether a court may exercise discretion to allow reconversion to Chapter 13. However, the Court acknowledged and resolved the split in Debtor's favor for purposes of the Order Denying Reconversion. Debtor also challenged the test applied by the Court in the exercise of its discretion. The Court applied a totality of the circumstances test, which places the burden on Debtor to show a reconversion to Chapter 13 "will most inure to the benefit of all parties in interest."[15] The Court discussed, as an example, that Debtor had presented no evidence that she would be able to propose a feasible plan should reconversion occur.[16] Debtor does not cite any statute, rules, or case law to suggest that the Court did not fully comply with the applicable rules and procedures for litigating and adjudicating a contested matter before this Court. As such, Debtor has not demonstrated any likelihood that she will prevail on the merits of her appeal.

---

[11] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262-63 (10th Cir. 2004) (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)).

[12] *Brent Elec. Co.*, 2024 WL 66039, at *3.

[13] *See Diné*, 839 F.3d at 1282 (citing *Winter*, 555 U.S. at 24) (defining the success on the merits prong as "likely to succeed").

[14] *Nken*, 556 U.S. at 434.

[15] ECF No. 136 at 7 n.33.

[16] *Id.* at 8. *See United States v. Faunce*, 66 F.4th 1244, 1258 (10th Cir. 2023) ("In determining whether the district court abused its discretion, we focus on what the parties had presented; after all, the court could [not] abuse its discretion 'by failing to consider facts not presented.'") (citing *United States v. Rodriguez*, 858 F.3d 960, 963 (5th Cir. 2017)).

### 2. Irreparable Harm

Debtor also claims that she will suffer immediate and irreparable harm if the Court does not grant the requested stay because she may lose her primary residence due to the Bank's foreclosure action. She also contends that an appeal may become moot if Debtor's residence is lost prior to appellate review. Although the loss of a debtor's primary residence may constitute irreparable harm,[17] a majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm.[18] Even where courts recognize mootness by itself may constitute irreparable injury, those courts also require a showing of likelihood of success on the merits of the appeal in order to find that a stay is warranted.[19] While the loss of Debtor's home may be an irreparable injury, she has not demonstrated a strong likelihood of success on the merits of her appeal.[20]

### 3. Substantial Injury to Other Parties

Debtor argues the Bank will not be substantially prejudiced by the imposition of a stay because it would preserve the status quo. However, courts have found that "issuing a stay and

---

[17] *See In re Winters*, 18-28535, 2019 WL 1399854, at *6 (Bankr. D. Utah Mar. 26, 2019) (citing *Garcia v. Direct Fin. Servs. LLC (In re Garcia)*, 436 B.R. 825, 829 (Bankr. W.D. Va. 2010)); *Rosenthal v. NewRez LLC (In re Rosenthal)*, 782 F. Supp. 3d 1031, 1038 (W.D. Wash. 2025) (citing *Park Village Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011)); *Barretta v. Wells Fargo Bank, N.A. (In re Barretta)*, 560 B.R. 630, 634 (D. Conn. 2016) (citing *Bank of New York Mellon v. Bell*, No. 3:11-CV-1255, 2015 WL 2184280, at *2 (D. Conn. May 9, 2015)).

[18] *In re Abengoa Bioenergy Biomass of Kan., LLC*, 589 B.R. 731, 748 (D. Kan. 2018); *In re River Canyon Real Est. Invs., LLC*, No. 12-20763, 2013 WL 4792277, at *5 (Bankr. D. Colo. Aug. 7, 2013); *In re Sunflower Racing, Inc.*, 225 B.R. 225 (D. Kan. 1998) (collecting cases).

[19] *In re River Canyon*, 2013 WL 4792277, at *5.

[20] *Pueblo of Pojoaque*, 233 F. Supp. 3d at 1114-15 ("Thus, an applicant for a stay pending appeal 'must meet a heavy burden of showing not only that the judgment of the lower court was erroneous on the merits, but also that the applicant will suffer irreparable injury if the judgment is not stayed pending his appeal.'" (quoting *Nken*, 556 U.S. at 439 (Kennedy, J., concurring))).

delaying a foreclosure may constitute substantial financial harm to creditors."[21] Debtor has not made mortgage, real estate tax, or insurance payments on the subject property for several years, leaving the Bank to maintain these aspects of the property. Furthermore, interest and fees on the mortgage debt continue to accrue, suggesting the Bank is sustaining ongoing financial injury.[22] The Court is thus unpersuaded by Debtor's argument that the Bank will not be substantially prejudiced by the imposition of a stay.

### 4. Public Interest

The Court is likewise unpersuaded by Debtor's generalized assertions that the public interest favors a stay. "[C]onsiderations of the public interest involve testing whether the relief requested would affect the public at large, as opposed to the immediate parties to the [proceeding]."[23] Debtor has had multiple meaningful opportunities for financial rehabilitation and repayment, as demonstrated by the history of this case. Furthermore, "when the standards to stay an order pending appeal have not been met, as is the case here, 'a stay pending appeal would injure the interests of sound case management in the bankruptcy process, and as a consequence, would also injure the public interest.'"[24] Thus, the Court finds that the public interest does not favor a stay; rather, the public interest lies with the efficient administration of the bankruptcy system.[25]

---

[21] *In re Silverberg*, No. 8-25-73436, 2026 WL 994441, at *14 (Bankr. E.D.N.Y. Apr. 13, 2026) (citing *G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 23-CV-3985, 2023 WL 5127835, at *2 (S.D.N.Y. Aug. 10, 2023)).

[22] *In re Winters*, 2019 WL 1399854, at *6 (citing *In re Target Graphics, Inc.*, 372 B.R. 866, 876 (E.D. Tenn. 2007)).

[23] *In re Silva*, No. 9:10-14135, 2015 WL 1259774, at *6 (Bankr. C.D. Cal. Mar. 17, 2015) (quoting *Acton v. Fullmer (In re Fullmer)*, 323 B.R. 287, 305 (Bankr. D. Nev. 2005)).

[24] *In re Winters*, 2019 WL 1399854, at *7 (quoting *In re Taub*, No. 08-44210, 2010 WL 3911360, at *6 (Bankr. E.D.N.Y. Oct. 1, 2010)).

[25] *See In re Stewart*, 604 B.R. 900, 909 (Bankr. W.D. Okla. 2019) (citations omitted).

## Conclusion

The Court finds the aforementioned factors weigh against the imposition of a stay pending appeal. Debtor has not shown a likelihood of success on the merits, nor has she demonstrated that a stay would not substantially injure other parties or serve the public interest. The Court concludes Debtor has failed to meet her burden to justify the imposition of a stay pending appeal in this case. Furthermore, given the Court's decision regarding the request for a stay, Debtor's request that the Court waive any requirement for the posting of a supersedeas bond or other security is moot. Lastly, Debtor's request to reinstate the automatic stay pursuant to § 362 is denied, as she provides no authority or basis upon which to consider such a request.

Accordingly,

IT IS HEREBY ORDERED that the Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007, Request to Reinstate Automatic Stay, and Request to Waive Bond filed by Christina Lee Lanier-Fravel, at ECF No. 140, is DENIED.

Dated this 6th of July, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY